IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID RAY, | : | Case No. 3:12-cv-70 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THE CASE BE CLOSED**

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 405(g) and § 1383(c). At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff David Ray ("Plaintiff") not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").

This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's Memorandum in Opposition (doc. 9), Plaintiff's Reply (doc. 10), the administrative record[2] (doc. 6), and the record as a whole.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff filed applications for DIB and SSI in July 2009, asserting that he has been under a "disability" since October 15, 2004. *See* PageID 58.  Plaintiff claims he is disabled due to chronic obstructive pulmonary disease ("COPD"), depression, dizziness, and breathing difficulties.  PageID 298.

Following initial administrative denial of his applications, Plaintiff received a hearing before ALJ Carol Bowen in July 2011.  PageID 87-121.  At the hearing, Plaintiff testified along with Richard Katzman, M.D., a Medical Expert ("ME"), and William Braunig, a Vocational Expert ("VE").  *See id.*  On August 10, 2011, ALJ Bowen issued a written decision, concluding that Plaintiff was not "disabled."  PageID 58-74.

Specifically, the ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2013;

2. The claimant has not engaged in substantial gainful activity since October 15, 2004, the alleged disability onset date (20 CFR §§ 404.1571 *et seq.*, and 416.971 *et seq.*);

3. The claimant has the following severe impairments: [COPD], cervical spine stenosis with mild radiculopathy, mild degenerative joint disease of the left shoulder, [and] affective (depressive) disorder aggravated by alcohol abuse (20 CFR §§ 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. The claimant has the residual functional capacity ["RFC"] to perform medium work[3] as defined at 20 CFR §§ 404.1567(c) and 416.967(c) subject to the following additional limitations: no climbing ladders, ropes, or scaffolding; only occasional overhead reaching; no more than frequent handling, fingering, or feeling; no exposure to extreme heat or cold, dampness, humidity or environmental pollutants such as chemicals or other types of pulmonary irritants; no operation of motor vehicles; no exposure to hazardous machinery or unprotected heights; only simple, routine, and repetitive tasks with no more than occasional changes in work setting; no strict production quotas or strict time limits; no interaction with the general public; only superficial interaction with co-workers, no tandem tasks, and no "over-the-shoulder" supervision;

6. The claimant is unable to perform any past relevant work (20 CFR §§ 404.1565 and 416.965);

7. The claimant was born [in] 1957. From the alleged disability onset date until he attained age 50 in March 2007, the claimant was classified as a "younger individual" for Social Security purposes. Since attaining age 50 in March 2007, the claimant is classified as an individual who is "closely approaching advanced age" (50-54 years old) for Social Security purposes (20 CFR §§ 404.1563 and 416.963);

8. The claimant has a high school-equivalent education (20 CFR §§ 404.1564 and 416.964);

9. The claimant does not have "transferable" work skills within the meaning of the Social Security Act (20 CFR §§ 404.1568 and 416.968);

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)); [and]

11. The claimant was not disabled, as defined in the Social Security Act, from October 15, 2004, through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

PageID 61-74 (footnote added).

---

[3]The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on physical exertion requirements. 20 C.F.R. § 404.1567. Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds." *Id*. at § 404.1567(c).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 36-38. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal on March 5, 2012. Doc. 2.

### B. Plaintiff's Hearing Testimony

Plaintiff testified that he is divorced and lives alone. PageID 99. He has a GED. PageID 100. He has an adult son who visits him daily. PageID 99, 104. He also sees his friend, Mary, on a daily basis, and is occasionally visited by a neighbor who lives in his building. *Id.* Plaintiff testified that he does not have a driver's license, and relies upon his son and Mary for transportation. PageID 100.

Plaintiff sees a mental health therapist once per week. PageID 101. Plaintiff testified that he occasionally hears voices which tell him to kill himself. *Id.* He takes prescribed medication, and claims drowsiness and mental confusion are side effects of the medication. PageID 102. Plaintiff testified that he cannot stand or walk for sustained periods. PageID 105-06. He was prescribed a cane, and uses it whenever he walks. PageID 106. He gets dizzy if he stands up too fast, or rises after being bent over. PageID 110-11.

Plaintiff estimated he can stand for 30 minutes, and can lift no more than a gallon of milk. PageID 106-07. He testified that he is able to dress himself, but is only able to perform chores if he is sitting down. PageID 103. Whenever Plaintiff cleans, he uses dishwashing detergent because all other cleaning products have odors which aggravate his lungs and causes dizziness. *Id.* He uses a microwave oven to prepare his meals, and only cooks when he is assisted by his son or Mary. PageID 112. His son and Mary help him with household chores. *Id.* Plaintiff testified that Mary does his grocery shopping; if he goes with her to the grocery store, he will stay in the car to avoid crowds. PageID 103.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3)[4]; *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the claimant disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be

---

[4]The remaining citations will identify the pertinent DIB regulations with full knowledge of the corresponding SSI regulations.

expected to last for a continuous period of not less than 12 months.  The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy.  42 U.S.C. § 423(d)(2).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition.  *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III. ANALYSIS

As a preliminary note, Plaintiff's pertinent medical records have been adequately summarized in his Statement of Errors, as well as the administrative decision, *see* doc. 8 at PageID 642-50; PageID 61-72, and the Court will not repeat them here.  Where applicable, the Court will identify the medical evidence relevant to its decision.

Plaintiff asserts multiple assignments of error. He claims the ALJ erred by: (1) improperly weighing several medical opinions of record; (2) misconstruing his past alcohol problem; and (3) failing to properly consider the combined effects of his physical and mental impairments. Doc. 8 at PageID 652-62. The Court has carefully reviewed Plaintiff's arguments, and finds reversal warranted based upon one ground -- the ALJ's failure to properly formulate Plaintiff's RFC in light of the evidence of record.

At the outset, the Court notes that Plaintiff's treatment records are rather sparse from his alleged onset date of disability in 2004 through late 2009. *See* PageID 365-411. Furthermore, Plaintiff received unemployment benefits for a period in 2009 which, as the ALJ appropriately noted, undermines his claim that he was completely disabled prior to 2010. *See* PageID 62. In addition, Plaintiff claims he is impaired due to a combination of physical and mental issues, but the record regarding his mental health issues is not developed until 2010.

By the time of the administrative hearing, the record was more fully-developed, and contained several opinions regarding Plaintiff's mental and physical limitations upon which the ALJ could have relied in finding Plaintiff disabled. However, the ALJ found Plaintiff had the RFC to perform a limited range of medium work, and the VE confirmed that jobs existed in the regional economy which Plaintiff could do with such an RFC.

Although Plaintiff devotes assignments of error to challenging the ALJ's analysis in weighing the mental and physical limitation opinions of record, the Court finds none of his arguments in this regard persuasive. It is the Commissioner's function to resolve conflicts in the medical evidence, *see Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987), and that is exactly what the ALJ reasonably did regarding the opinions of the ME, consultative examiner Nicole Leisang, Psy.D., psychological consultant Catherine Flynn, Psy.D.,

and medical consultants Kathryn Drew, M.D. and W. Jerry McCloud, M.D. *See* PageID 62-73. Furthermore, Plaintiff's argument -- that the evaluations of psychological trainees Megan Michaels and Kimberly Brzezowsky were improperly considered -- is also unpersuasive. The ALJ appropriately recognized neither trainee to be an "acceptable medical source" under Social Security regulations, and thus committed no error by declining to apply the "treating physician rule" to their opinions simply because they were countersigned by Michelle Schultz, Psy.D.[5] *See* PageID 46, 504-21, 566-69; 20 CFR § 404.1502.

The Court also finds Plaintiff's assignment of error challenging the ALJ's analysis regarding his history of alcohol use to be unmeritorious. The record reflects the ALJ properly considered the evidence of Plaintiff's alcohol use under Public Law 104-121 (establishing substance abuse/dependence cannot be a basis for a finding of "disability"), and the Social Security regulations 20 CFR §§ 404.1525, 404.1535, 416.925, and 416.935. The ALJ reasonably synthesized this evidence to conclude that "substance abuse is not a contributing factor material to a finding of disability," *see* PageID 67 (emphasis in original), and her analysis of Plaintiff's alcohol use was supported by substantial evidence in light of the varying evidence of record. *See Buxton*, 246 F.3d at 772.

The Court finds reversal of the Commissioner's non-disability finding is warranted based upon the ALJ's failure to properly consider Plaintiff's prescribed ambulatory device in formulating his RFC. Plaintiff was prescribed a cane by Michael Avery, D.O. at the Miami Valley Hospital Med/Surg Clinic in February 2011. PageID 589-94. The record reflects Plaintiff requested the cane based upon knee pain and his leg "giving out." PageID 589. During his visit to the Clinic, a registered nurse conducted a "Moving Safely Risk Assessment," which

---

[5] In every instance, Dr. Schultz signed as a supervisor -- not the clinician or treating psychologist -- and sometimes did not sign until days after the trainee issued the report. *See* PageID 504-21, 563-69.

noted Plaintiff's history of falls; his frequent confusion, disorientation, and restlessness; his problems with mobility, balance, vertigo, dizziness, use of assistive devices, difficulty rising from flat surfaces, and neuropathy; and his medications including hypertensives and laxatives. PageID 593. In addition, Dr. Avery examined Plaintiff's leg, noted his knee pain to be a "chronic problem…though lately more bothersome," found no swelling, but nonetheless prescribed a cane. PageID 591. Furthermore, follow-up treatment notes from April 2011 show the continued prescription for the cane, and list no "end date" for the prescription. *See* PageID 627-29.

At the hearing, Plaintiff arrived using his prescribed cane. PageID 105. He testified that he uses his cane for all of his walking. PageID 106. He further testified, "[h]e prescribed [the cane] for me because I fall sometimes. I get dizzy real easy and I lose my balance." *Id*.

Nevertheless, the ALJ chose to completely disregard Dr. Avery's cane prescription -- as well as Plaintiff's testimony that he used the cane full-time -- finding, "[t]here is no substantial evidence to document the medical necessity for an ambulatory aid (cane)." PageID 71. Moreover, even though the VE testified that the use of a cane would preclude all work at the medium level -- which requires the ability to lift up to 50 pounds, and walk or stand for six out of eight hours -- the ALJ nonetheless found Plaintiff retained the RFC to perform medium work, and used such a finding to conclude Plaintiff was not "disabled." *See* PageID 68-74, 114. The Court finds the ALJ's analysis in this regard to be unsupported by substantial evidence.

In weighing the medical evidence, "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Simpson v. Comm'r of Soc. Sec*., No. 08-3651, 2009 U.S. App. LEXIS 19206, at *36-37 (6th Cir. Aug. 27, 2009). By summarily disregarding Plaintiff's prescribed cane -- and not basing such a decision on *any* medical opinion

-9-

of record -- the ALJ improperly subjected her lay opinion for that of a doctor who would be qualified to make such a medical determination. *Id.*

The Court recognizes there are limited occasions when the medical evidence is so clear, and so undisputed, that an ALJ would be justified in drawing functional capacity conclusions from such evidence without the assistance of a medical source. *See Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) ("To be sure, where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment"). This, however, is not such a case. The treatment notes on the date the cane was prescribed reflect a number of possible reasons supporting Dr. Avery's decision to prescribe a cane -- including Plaintiff's reports that his leg was "giving out," and the findings of the "Moving Safely Risk Assessment." *See* PageID 589-94. As such, it was error for the ALJ to impermissibly substitute her interpretation in place of the opinions of Plaintiff's physicians at the Miami Valley Hospital Med/Surg Clinic on the necessity of a cane. Under these circumstances, the ALJ's RFC determination is unsupported by substantial evidence. Because the ALJ improperly relied on this determination to conclude that Plaintiff can perform a number of jobs in the national economy, remand is necessary. *See Mabra v. Comm'r of Soc. Sec.*, No. 2:11-cv-00407, 2012 U.S. Dist. LEXIS 84504, at *25-34 (S.D. Ohio June 19, 2012) (Deavers, M.J.).

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Here, a judicial award of benefits is

unwarranted because the record does not show either that "proof of disability is overwhelming" or that "proof of disability is strong and evidence to the contrary is lacking." *Id.*

The Court recommends the ALJ be ordered, upon remand, to properly consider the effects of Plaintiff's prescribed cane use on his RFC; reassess Plaintiff's impairments in combination; and solicit additional VE testimony regarding Plaintiff's RFC. In addition, the Court notes that given Plaintiff's age, a finding of "disabled" may be warranted under the Medical Vocation Guidelines (the "Grid") within 20 C.F.R. Part 404, Subpart P, Appendix 2. On remand, the ALJ shall additionally address whether a finding of "disabled" is mandated by the Grid.

## IV.  RECOMMENDATION

For the foregoing reasons, the Court finds that, as more fully explained above, the ALJ's decision is unsupported by substantial evidence, and recommends that it be reversed and remanded to the Commissioner of Social Security under the Fourth Sentence of 42 U.S.C. § 405(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

February 1, 2013                                       s/Michael J. Newman
                                                        United States Magistrate Judge

-12-

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).