IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


DAVID RAY,                                          :

              Plaintiff,                    :    Case No. 3:12cv070

    vs.                                            :    JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,  :

              Defendant.                    :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR
ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #12) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
WITHIN THE MEANING OF THE SOCIAL SECURITY ACT, AND
REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT
COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF
42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEDURES;
PLAINTIFF'S REQUEST FOR A BROADER REMAND DENIED; TERMINATION
ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On February 1, 2013, the United States Magistrate Judge

filed a Report and Recommendations (Doc. #11), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act be reversed, and that the captioned cause be

remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of

42 U.S.C. § 405(g), for further administrative proceedings. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #11) and in the Plaintiff's Reply to Defendant's Objections to the Magistrate Judge's Report and Recommendations (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #12) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause is remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of

Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of

Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole

function is to determine whether the record as a whole contains substantial evidence to

support the Commissioner's decision.  The Commissioner's findings must be affirmed if

they are supported by "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971),

citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v.

Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial

evidence means such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245,

248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much

as would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853

F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company,

306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a

suspicion of the existence of the fact to be established... [I]t must be enough to justify, if

the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be

drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human

Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and

Stamping Company, supra.

  In determining whether the Commissioner's findings are supported by substantial

evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574

F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services,

667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).


        In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

        1.        A review of the above convinces this Court that it agrees with the Magistrate Judge in two significant aspects, to wit:   First, that the Commissioner's finding of non-disability is not based upon substantial evidence, given the Administrative Law Judge's failure to properly consider Plaintiff's prescribed ambulatory device in formulating Plaintiff's Residual Functional Capacity ("RFC"), and that the state of the record warrants remand for further administrative procedures, rather than remand for the payment of benefits, given that "proof of disability is not overwhelming or proof of disability is not strong and evidence to the contrary is lacking."  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

-4-

2.      Upon remand, the Defendant Commissioner, through the Administrative Law Judge, is ordered to properly consider the effects of Plaintiff's prescribed use of a cane upon his Residual Functional Capacity; to reassess Plaintiff's impairments in combination; and to solicit additional VE testimony regarding Plaintiff's Residual Functional Capacity.   In addition, given Plaintiff's age, the ALJ is to determine whether a finding of "disabled" may be warranted under the Medical Vocational Guidelines (the "Grid") within 20 C.F.R. Part 404, Subpart P, Appendix 2.

3.      To the extent that Plaintiff requests a remand broader in scope than that set forth by the Court above, said request is overruled, given that the Court has reviewed the evidence of record and feels that such a broadened remand is not necessary, given the Administrative Law Judge's findings based upon substantial evidence of record..


WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, as set forth above.  Defendant's Objections to said judicial filing (Doc. #12) are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for proceedings consistent with this Decision and Entry.

-5-

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


March 15, 2013                                    WALTER H. RICE, JUDGE
                                                  UNITED STATES DISTRICT COURT


Copies to:

Counsel of record